ACCEPTED
01-15-00225-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/25/2015 10:12:20 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00225-CV

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/25/2015 10:12:20 AM
CHRISTOPHER A. PRINE
Clerk

AARON CHEVALIER,

*Appellant,*

V.

WM ROBERSON,

*Appellee*
On Appeal from County Civil Court at Law No. One (1)
Harris County, Texas
Trial Court Cause No. 1058132

APPELLANT'S BRIEF

Nasischa Anderson
Texas Bar No. 24031700
The Anderson Law Group , P.C.
1811 Bering Dr. Ste. 300 Houston, TX 77057
Tel. (281)652-5579
Fax (281)652-5590
Appellant's Attorney

WM Roberson
P.O. Box 842583
Houston, Texas 77284-2583
ProSe Appellee

**No Oral Argument Requested**

## I.    TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................ii

INDEX OF AUTHORITIES.........................................................................iii

STATEMENT OF THE FACTS ......................................................................1

SUMMARY OF THE ARGUMENT..............................................................5

ARGUMENT ..................................................................................................6

    A. The issue of title is so intertwined with the issue of possession such that the trial court erred in refusing to dismiss Appellee's evictions suit based on lack of subject matter jurisdiction.................................................6

    B. The Trial Court Erred in failing to consider Appellant's Res Judicata and/or Collateral Estoppel Argument ...................................................8

    C. Appellee failed to establish ownership which is a necessary element of his right to possession.................................................................12

    D. No Landlord-Tenant Relationship between Appellant and Appellee Existed .................................................................................................13

    E. The Trial Court Should Have Granted a New Trial Based on Newly Discovered Evidence.........................................................................14

    F.

CONCLUSION & PRAYER.........................................................................15

CERTIFICATE OF SERVICE .....................................................................17

CERTIFICATE OF COMPLIANCE ............................................................18

APPENDIX .................................................................................................. 19

ii.

## II.  INDEX OF AUTHORITIES

**Cases**

*Federal Home Loan Mortgage Corporation vs. Trinh Pham, Catherine Crawford and Gary Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998).

*Mitchell* v. *Armstrong Capital Corp.,* 911 S.W.2d 169. 171 (Tex.App.-Houston [1st Dist.] 1995, writ denied).

*Doggett* v. *Nitschke,* 498 S.W.2d 339. 339 (Tex. 1973)

*Chambers v. Pruitt,* 241  S.W.3d 679. 684 (Tex.App.-Dallas 2007, no pet.)

*Elwell v. Countrywide Home Loans, Inc.,* 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.)

*Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dis'm w.oj.) (op. on reh'g)

*Villalon v. Bank One,* 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied);

*Dass, Inc. v. Smith,* 206 S.W.3d 197. 200 (Tex. App.—Dallas 2006, no pet.)

*Rice* v. *Pinney,* 51 S.W.3d705. 709 (Tex. App.—Dallas 2001, no pet.)

*Haith* v. *Drake,* 596 S.W.2d 194.196 (Tex. Civ. App.—Houston [1st Dist.l 1980, writ rePdn.r.e.)

*Goggins* v. *Leo,* 849 S.W.2d 373. 377 (Tex. App.—Houston [14th Dist.] 1993, no writ)

*Busch v. Hudson & Keyse, LLC.*312 S.WJd 294.299 (Tex. App.—Houston [Mth Dist.] 2010, no pet.)

*Dow Chem. Co. v. Francis,* 46 S.WJd 237, 241 (Tex. 2001).

*City of Keller* v. *Wilson,* 168 S.WJd 802, 827 (Tex. 2005).

iii.

*Sherman v. First Nat'l Bank,* 760 S.W.2d 240. 242 (Tex.1988)

*Glockzin v. Rhea,* 760S.W.2d665.666 (Tex.App.-Houston [1st Dist.] 1988, writ denied).

*Bywaters v. Gannon,* 686 S.W.2d 593. 595 (Tex. 1985)

*Harlow* v. *Giles,* 132 S.WJd 641. 646 (Tex. App.--Eastland 2004, pel. denied)
*Doggett v. Nitschke.* 498 S.W.2d 339. 339 (Tex. 1973)

*Chambers* v. *Pruiti,* 241 S.WJd 679.684 (Tex.App.-Dallas 2007, no pet.)

*Ward v. Ladner,* 322 S.WJd 692.699 (Tex. App—Tyler 2010, pet. denied)

*Alfonso* v. *Skadden,* 251 S.W.3d 52, 55 (Tex. 2008) (per curiam).

*Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex. 1992).

*Valverde v. Biela's Glass & Aluminum Prods.,* 293 S.W.3d 751, 755 (Tex. App.-San Antonio 2009, pet. denied).

*Sysco Food Servs. v. Trapnell,* 890 S.W.2d 796, 801 (Tex. 1994).

*Dass, Inc. v. Smith,* 206 S.W.3d 197. (Tex. App.—Dallas 2006, no pet.)

*Bell v. Moores,* 832 S.W.2d 749, 754 (Tex.App.--Houston [14th Dist.] 1992,Page 238 writ denied)

**STATUTES**

TEX. BUS. & COM.CODE ANN. § 26.01(a), (b)(4) (Vernon 2009).

**RULES**

TEX.R. CIV. P. 746

Tex.R. Civ. P. 296

## I.  STATEMENT OF THE FACTS

This suit arises out of a purported Rental Agreement ("ease") entered into between Appellee and Appellant on or around June 1, 2012 concerning the property located at 6922 Cluett St., Houston, Texas ("the Premises") (C.R.28-32). The lease agreement presented at trial by Appellee was not signed by either Appellee or Appellant. (C.R. 32). Appellant ceased paying rent to Appellee under the lease on or around November 1, 2012 after discovering evidence that showed Appellee did not own the Premises. In an attempt to enforce the lease, however, on November 26, 2012, Appellee served Appellant with a forcible detainer action seeking possession and payment of past due rent under EVC31C0060383 in the Harris County Justice of the Peace Court, Precint 3, Place 1 ("1st Eviction"). Appellee failed to appear at the trial, therefore the 1st Eviction was dismissed.

Subsequently, on January 22, 2013, Appellee filed a second suit for forcible detainer under EV31C006147 in the Harris County Justice of the Peace Court, Precinct 3, Place 1 ("2nd Eviction") (C.R. 141). A trial of this matter was held on January 30, 2013 and judgment was entered in favor of Appellee.

On February 1, 2013, Appellant appealed the decision to Harris County Civil Court at Law No. 1 ("trial court") (C.R. 143-189). On February 25, 2015, title to the Premises was transferred to Appellant by Opal Grace who claimed to own an interest in the Premises along with Ella Wilmore. Appellant recorded the deed on

February 28, 2013. A trial on the merits was heard on March 4, 2013. Appellee claimed ownership of the Premises through an unrecorded "Special Warranty Deed" purportedly signed by the deceased owner, Ella Townsend Wilmore ("Wilmore") on March 9, 2005, prior to her death (C.R. 190), as well as a right to possession as

he did in the 2nd Eviction, presented evidence at trial argued that Appellee obtained the Premises and the lease by fraud and that Appellant had permission to reside on the Premises by Wilmore's heir as well as had title to the Premises through co-owners of the Premises. (C.R. 143-189). In support thereof, Appellant presented, amongst other evidence, the following: a "Special Warranty Deed" with Wilmore's purported signature transferring title to Appellee in March of 2005, an "Affidavit of Parol Deed and Adverse Possession filed against the Premises by Appellee in July of 2012, an "Affidavit of Parol Deed and Adverse Possession (Exhibit B)" filed by Appellee against property owned by the notary listed on the Special Warranty Deed, and evidence of Wilmore's actual signature (C.R. 143-189). After considering the evidence, the trial court entered a take nothing judgment in favor of Appellant on March 4, 2013 (C.R. 191). Appellee appealed this matter to the 1st Court of Appeals under Case No. 01-13-00307-CV. Appellant and Appellee both filed briefs. On appeal there was no reporter's record filed and no evidence of what was presented at trial. The Court after reviewing the briefs of both parties

2

and the documents contained in the clerk's record, affirmed the trial court decision on July 15, 2014 (C.R. 211). Ultimately, the Court held that "the clerk's record affirmatively shows that the possession issue came down to a credibility determination, which the trial court necessarily made in favor of *Chevalier* and to which we owe deference on appellate review (C.R. 203-209)." Appellee did not file any further appeals. As such, the judgment of the 1st Court of Appeals became final and un-appealable.

In January of 2015, Appellee filed a third forcible entry and detainer suit against Appellant under EV31C0071928 in the Harris County Justice of the Peace Court, Precinct 3, Pl 1 ("3rd Eviction") claiming the right to possession of the Premises through the same lease agreement and the same Special Warranty Deed as in the and 2nd Eviction. (C.R. 5-9). The Justice Court heard the matter on January 14, 2015. At the Justice Court trial, Appellant his General Warranty Deed to the Premises as well as the final Judgment of the Court of Appeals affirming this court's decision in the 2nd Eviction requesting a dismissal of the action. Accordingly, the Justice Court dismissed Appellee's action and Appellee appealed.

In response to the appeal, Appellant filed an Original Answer, Affirmative Defenses of res judicata, collateral estoppel, failure to state a claim upon which relief can be granted and waiver, as well as a request for sanctions. A trial on the merits was heard on February 23, 2015. At trial, Appellee presented the same

Special Warranty Deed as presented in the 2nd eviction, except that this deed was recorded in the real property records on December 19, 2014 (C.R. 36). Appellee also presented what appeared to be the same lease agreement as the lease that was presented in the 2nd Eviction suit except that this lease was not signed by either party (C.R. 141). Appellee argued that he was entitled to possession based on the foregoing documents.

In response, Appellant argued res judicata and collateral estoppel. Specifically, Appellant claimed that the court already ruled on the issue of possession concerning this lease agreement in the 2nd Eviction suit when it entered a take nothing judgment in favor of Appellee which was affirmed by this Court. In addition, Appellant argued failure to state a claim upon which relief can be granted based on the lease being defective, i.e. not being signed, and based on the fact that Appellee had not presented a new lease nor any new evidence that he had ownership of the Premises. Appellant also presented evidence at trial that he had also received a deed to the Premises which was recorded on February 28, 2013 and that he was in fact now an owner of the Premises (C.R. 44-46). In addition, Appellant also again presented the same letter from Wilmore's heir giving him permission to reside at the Premises as was presented in the 2nd Eviction suit (C.R. 43). Appellant presented the same evidence of Wilmore's signature in order to refute Appellee's Special Warranty Deed as was presented in the 2nd Eviction (C.R.

4

40). The trial court held a trial on the merits despite Appellant's title claim and res judicata and collateral estoppel arguments. Judgment was entered in favor of Appellee.

Appellant filed a Motion for New Trial asking the court to reconsider based on the foregoing facts. (C.R. 92-123). Appellant also asked the Court to grant a new trial based on the fact that Appellant presented evidence at trial that Appellee obtained the lease by fraud as was shown in the 2nd Eviction suit. Appellant asked the Court to take judicial notice of the 2nd Eviction suit. Appellant also argued that the court lacked subject matter jurisdiction to resolve the issue of possession because the issue of title was so intertwined. The trial court denied Appellant's motion for new trial.

## II. SUMMARY OF THE ARGUMENT

Both Appellant and Appellee claim ownership of the Premises. Appellee claims that he is the owner of the property and is therefore entitled to possession and likewise Appellant claims that he is the owner of the Premises and therefore entitled to possession. Both parties presented deeds to the trial court. The trial court, however, was not empowered to resolve the title dispute and should have dismissed the action for lack of subject matter jurisdiction. In addition, the trial court considered Appellee's argument that he had ownership of the Premises in the 2nd Eviction action and by entering a take nothing judgment, ultimately concluded

5

that Appellee had not proven the element of ownership. Appellee presented the same evidence in the 2nd Eviction suit claiming title (i.e. Special Warranty Deed) as was presented in this suit. Since the issue of the Special Warranty Deed was litigated in the previous suit, Appellee's claim for possession should have been barred by the doctrine of collateral estoppel and/or res judicata. In addition, the trial Court should have dismissed Appellee's action for failure to state a claim upon which relief can be granted as was plead in Appellant's Answer. Specifically, Appellee presented an unsigned "rental agreement" to further support his claim for possession. Appellee's claimed right to possession should have been denied and the case dismissed for failure to present evidence of a lease agreement between the parties. In addition, the trial Court erred in denying Appellant's Motion for New Trial to consider newly discovered evidence concerning Appellee's fraudulent real estate filings around Houston.

### III. ARGUMENT

**A. The issue of title is so intertwined with the issue of possession such that the trial court erred in refusing to dismiss Appellee's evictions suit based on lack of subject matter jurisdiction**

The determination as to whether jurisdiction exists is a question of law, and is to be reviewed *de novo*. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). Neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit. TEX.R. CIV.

6

P. 746; See *Mitchell* v. *Armstrong Capital Corp.*, 911 S.W.2d 169. 171 (Tex.App.-Houston [1st Dist.] 1995, writ denied). A suit "for the recovery of land" is a suit that determines title. *See, e.g., Doggett* v. *Nitschke,* 498 S.W.2d 339. 339 (Tex. 1973) ("A county court does not have jurisdiction to try questions of title to land."); *Chambers* v. *Pruitt,* 241 S.W.3d 679. 684 (Tex.App.-Dallas 2007, no pet.) ("District courts generally have exclusive jurisdiction to determine title to real property."). When the issue of immediate possession requires resolution of a title dispute, neither the justice court nor the county court at law have jurisdiction to render a judgment for possession. *Elwell* v. *Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *Dormady* v. *Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dis'm w.oj.) (op. on reh'g). Specifically, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. *Villalon* v. *Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Dormady,* 61 S.W.3d at 557. Subject-matter jurisdiction cannot be waived, and it may be raised at any point in the proceeding. *Alfonso* v. *Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam).

In this case, Appellant challenged the subject matter jurisdiction of the Court in its Motion for New Trial which was denied by the trial Court (C.R. 129-136). During trial, trial exhibits were submitted to the Court. The parties presented two

competing deeds to the Premises (C.R. 36 and 44). Appellant presented a Warranty Deed from Wilmore's sister who had an ownership interest in the Premises along with Wilmore (C.R. 44). Appellee presented a Special Warranty Deed claiming that Wilmore signed the deed before her death (C.R. 36). Both parties challenged the validity of the other's deed. Appellee presented an "Affidavit of Heirship" which showed that Wilmore's signature was different on that document than on the claimed "Special Warranty Deed" (C.R. 40). In addition, Appellant's evidence showed that his deed was recorded in the real property records prior to Appellee's deed being recorded (C.R. 36 and 44). If Appellant's deed is valid and Appellee's deed is void, Appellee's claim for possession becomes moot. Title in this case is so intertwined with possession in that, the Court would have to determine whose deed is valid first before either party could be awarded possession. The trial Court is without jurisdiction to do so and therefore erred in refusing to dismiss Appellee's suit.

## B. The Trial Court Erred in failing to consider Appellant's Res Judicata and/or Collateral Estoppel Argument

The doctrine of res judicata "prevents the re-litigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit." Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1992). "Res judicata bars a party from

8

attempting to relitigate a claim or cause of action that a competent tribunal has finally adjudicated." *See* Valverde v. Biela's Glass & Aluminum Prods., 293 S.W.3d 751, 755 (Tex. App.-San Antonio 2009, pet. denied). "For res judicata to apply, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." Id. Absent any evidence raising a fact issue on the existence of a new and independent forcible detainer action, res judicata will be applied to forcible entry and detainer suits. *See Federal Home Loan Mortgage Corporation vs. Trinh Pham, Catherine Crawford and Gary Block*; 449 S.W. 3d 230 (Tex.App-Houston [14th Dist] 2014, no writ).

The doctrine of collateral estoppel prevents relitigation of particular issues already resolved in a prior suit. Barr, 837 S.W.2d at 628–29. A party relying on this doctrine must prove (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action, (2) those facts were essential to the judgment in the first action, and (3) the parties were cast as adversaries in the first action. Sysco Food Servs. v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994). It is well settled Texas Law that, the only issue decided in **a** forcible detainer action is which party has the right to immediate possession of the property. Tex. R. Civ. P. 746; *Dass, Inc. v. Smith*, 206 S.W.3d 197. 200 (Tex. App.—Dallas 2006, no pet.); *Rice*

9

v. *Pinney,* 51 S.W.3d 705. 709 (Tex. App.— Dallas 2001, no pet.). In a forcible detainer action pursuant to section 24.002 of the Texas Property Code, the Appellee is required to show that (1) it owned the property by virtue of a deed...

This suit is similar to *Crawford.* In *Crawford* , the tenant, presented undisputed evidence that the landlord had filed substantively identical forcible detainer actions against the occupants; final judgments had been rendered against landlord in each of the earlier lawsuits; and the landlord filed an identical claim against the occupants in the current case. In each case, the landlord claimed that it was the owner of the property by virtue of a substitute trustee's deed and had acquired the property as a result of the foreclosure of the lien created by the deed of trust. In each case, landlord claimed that the defendants committed a forcible detainer because they were tenants at sufferance, landlord had provided written notice to the defendants to vacate, and the defendants had continued to reside on the property. Nothing in the landlord's petition in that current suit sets out any grounds creating a "new and independent cause of action," such as the commission of a subsequent forcible detainer based on new notices to vacate and a corresponding failure to surrender the property. The Court held that the tenant's evidence conclusively established the elements of res judicata. The Court directed attention to *Bell v. Moores*, 832 S.W.2d 749, 754 (Tex.App.--Houston [14th Dist.] 1992,Page 238 writ denied) (affirming summary judgment on res judicata based on

attached judgment and pleadings from earlier action demonstrating that earlier action involved the same parties, issues, and subject matter).

Appellant in this case is similarly situated to the tenant in *Crawford*. Specifically, in the prior Eviction suit Appellee's ownership of the Premises by virtue of a deed was fully litigated; the facts concerning the ownership were essential to the judgment and also essential to the judgment in this action; and the same parties were involved in both suits. In the prior suit, Appellee presented the trial court with the same "Special Warranty Deed" presented in this suit to establish the ownership element of his right to possession. At the 1st trial, Appellee challenged the validity of the Special Warranty Deed arguing that it was unrecorded and ultimately was a forgery. Appellant also argued that Appellee defrauded him into signing a lease by making him believe he was the owner of the Premises when in fact he was not the owner. In support thereof, Appellee presented several pieces of evidence to support. See C.R. 145-190 which is the clerk's record from the previous trial. This record included the following evidence: 1) "Harris County Appraisal District Real Property Account Information" sheet; 2) "Ownership and Encumbrance Reports" from Stewart Title, Affidavit of Heirship signed in 1999 by Wilmore; 4) Affidavit Notice of Parol Deed and Adverse Possession signed by Appellant concerning the Premises; 5) Unrecorded Special Warranty Deed concerning the Premises; and 6) Affidavit Notice of Parol

11

Deed and Adverse Possession signed by Appellant concerning property owned by the notary on the Special Warranty Deed. Appellant's evidence established that Wilmore was still the record title holder of the Premises as of June 2012 when Appellee had Appellant sign the lease agreement. It was proven at trial that Appellee's only evidence of ownership of the Premises was the "Affidavit Notice of Parole Deed and Adverse Possession" and the unrecorded Special Warranty Deed. At trial Appellant proved that Appellant's evidence was wrought with inconsistencies and less than credible. All of the foregoing evidence was presented in the 2nd Eviction suit. This Court affirmed the trial Court's take nothing judgment in that case and ultimately held that the issue of possession came down to a credibility issue which the trial Court necessarily made in favor of Chevalier…"

In filing this suit Appellee raised the same issue of ownership with the same Special Warranty Deed and the same allegations that Appellant was liable under the June 2012 lease. As in the *Crawford* case, the Court should have accepted Appellant's Res Judicata and Collateral Estoppel argument and dismissed Appellee's action The trial Court erred in refusing to consider this argument and the judgment should therefore be reversed for that reason.

### C. Appellee failed to establish ownership which is a necessary element of his right to possession.

Appellant ask this Court to take judicial notice of the prior suit and by denying his Motion for New Trial, the Court refused to do so (C.R. 125-136). In taking

12

judicial notice of the trial court's prior judgment and evidence presented in that suit, it would have seen that Appellee's evidence of ownership was severely flawed. In particular, Appellant gave no explanation at trial for failing to record the "Special Warranty Deed," and provided no evidence to support a finding that the signature on the purported Special Warranty Deed was that of Wilmore. According to Appellant's answer in the prior suit, Appellee represented to Appellant in May of 2012 that he purchased the Premises from Wilmore's heirs. This fact directly contradicts the existence of a Special Warranty Deed or the existence of an adverse possession claim. Aside from the obvious facts as stated above, it is important to point out that the term "Parole Deed" is by its name an oral deed which is not enforceable under the Texas Statue of Frauds. *See* TEX. BUS. & COM.CODE ANN. § 26.01(a), (b)(4) (Vernon 2009). In fact, the filing of an "Affidavit of Notice of Parole Deed and Adverse Possession" in June of 2012 would be entirely unnecessary if Appellant had actually been issued a Special Warranty Deed by Wilmore in 2005 as claimed. All of the foregoing evidence and arguments were made at the first trial and subsequently made at the second trial and in the Motion for New Trial. In the first trial the Court obviously disregarded Appellee's evidence of ownership and the Court's refusal to grant a new trial to make the same assessment of the evidence was in error.

**D. No Landlord-Tenant Relationship between Appellant and Appellee**

13

**Existed**

A forcible detainer action is dependent on proof of a landlord-tenant relationship. *Rice,* 51 S.W.3d at 712; *Haith* v. *Drake,* 596 S.W.2d194. 196 (Tex. Civ. App.—Houston [1st Dist.j 1980, writ ref d n.r.e.). Appellee presented an unsigned lease agreement in support of his claim for possession (C.R. 28-32).. The trial Court should have disregarded this evidence and dismissed Appellee's claims for failing to state a claim upon which relief could be granted.

### E. The Trial Court Should Have Granted a New Trial Based on Newly Discovered Evidence

During the trial, Appellee claimed ownership of the Premises through a "Special Warranty Deed." However, in the first trial the evidence showed that Appellee had also filed an "Affidavit of Adverse Possession" against the Premises which evidences that Wilmore did not transfer title to Appellee as alleged. In fact, Appellee has filed the foregoing affidavit against two other properties in Houston and is being sued for fraud in the Harris County District Court. *See* C.R. 92-123. The facts of that District Court case are almost identical to the current case. It should also be noted that Appellee's testimony as to how title was obtained was not the same as it was in the 2nd Eviction suit. Specifically, in this suit, Appellee claimed he met Ms. Wilmore at "Starbucks" to have her sign a Special Warranty Deed. In the prior suit, the "Starbucks" story was never presented to the Court. With that being the case, Appellee lost the ability to bring such a claim in the

current suit and should not have considered the foregoing facts to render its decision.

In addition, the trial court should have consider the newly discovered evidence regarding Appellee's fraudulent claims to other properties. This evidence will show that Appellee fabricates documents in order to obtain title to properties and also eliminates the effectiveness of a deed by claiming title to the Premises by adverse possession. Because ownership is a necessary element of a forcible detainer action, this evidence will prove that Appellee is not entitled to possession as claimed. This evidence was only discovered after the trial. The failure to present the evidence was not due to a lack of diligence on the part of Appellant and is not cummulative. If the foregoing evidence was presented at trial, it is likely that the court would have reached a different decision. The trial Court erred in denying the Motion for New Trial in that regard.

## IV. CONCLUSION & PRAYER

In conclusion, the trial court lacked subject matter jurisdiction to resolve the issue of possession because title issues were so intertwined so as to require the trial court to determine title to resolve possession. In addition, res judicata and collateral estoppel is a bar to Appellee's suit. All of the elements have been satisfied and the trial court should have considered the argument. In addition Appellee clearly failed to establish a landlord-tenant relationship which was a necessary element of the

15

forcible detainer action. In addition, the newly discovered evidence concerning Appellee's pattern of conduct should have been considered by the trial Court. For the foregoing reasons, the trial Court judgment should be reversed.

WHEREFORE, PREMISES CONSIDERED, Appellant asks this court to affirm the trial court's decision and tax all costs of this appeal to Appellee.

Respectfully Submitted,


___/s/Nasischa Anderson___
Nasischa Anderson
State Bar No. 24031700
1811 Bering Dr. #300
Houston, TX 77057
281-652-5579 (phone)
281-652-5590 (facsimile)
nanderson@theandersonlawgroup.com
ATTORNEY FOR APPELLEE

# V.    CERTIFICATE OF SERVICE

I certify that on August 24, 2015, I emailed a copy of this motion to the following counsel by Certified and First Class U.S. Mail to:


WM Roberson
PO Box 842583
Houston, TX 77284
wmr12795@yahoo.com


_____/s/Nasisha Anderson

Nasischa Anderson

## VI.  CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the word count for the entirety of this Appellee's Brief (excluding the caption, statement regarding oral argument, table of contents, index of authorities, statement of case, signature, certificate of service, certification, and certificate of compliance) totals 3,840 words according to the computer generated word count tool.

/s/ *Nasischa Anderson*

Nasischa Anderson

# VII. APPENDIX

A. Trial Court Judgment

B. 1ST Court of Appeals Memorandum Opinion

"CLOSED"

CAUSE NO. 1058132

W. M. ROBERSON
PLAINTIFF

Vs.

AARON CHEVALIER
DEFENDANT

IN THE COUNTY CIVIL

COURT AT LAW # ONE

OF HARRIS COUNTY,

TEXAS

# JUDGMENT

On the ___ day of _____, 20__, in the above entitled and numbered

cause, came Plaintiff and announced ready for trial. Defendant,

_x_ also appeared and announced ready for trial.

___ having been duly notified of this trial setting, failed to appear.

No jury fee having been paid, the parties proceeded to trial without the

intervention of a jury. The Court, after considering the pleadings, evidence and

arguments of the parties, is of the opinion that Defendants are guilty of forcible

detainer of the hereinafter described premises and that Plaintiff, have and recover

from Defendant as follows,

ORDERED, ADJUDGED, AND DECREED that Plaintiff W. M. ROBERSON

does have and recover possession of the premises from Defendant

AARON CHEVALIER___ located at 6922 CLUETT STREET___,

HOUSTON___, Harris County, Texas 77028; that a Writ of Possession issue to

the proper officer commanding him to seize possession of said premises and deliver same

to Plaintiff after said Writ of Possession has been duly filed by Plaintiff if Defendants

25

have not vacated the herein described premises by MARCH 31, 2015 ___.

The supersedeas bond to stay execution of this Judgment is hereby set at

$ __500__ . Said bond to be either cash or corporate surety bond.

The Clerk of the Court if hereby ORDERED to issue all writs and processes,

including but not limited to Writs of Execution, in aid of satisfaction of this judgment.

This is a Final Judgment disposing of **ALL** issues and **ALL** parties, and **ALL**

prior interlocutory Orders of the Court in this cause are hereby made Final.

SIGNED THIS _24_ DAY OF _February_, 20_15_

_____
JUDGE PRESIDING

I hereby certify that the last known address of Defendant is:

Defendant's Name: _____

Address: _____

City, State, Zip: _____

_____
Plaintiff's Signature

_____
Plaintiff's Name

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

FILED
2015 FEB 24 PM 4:03

1058137

Opinion issued July 15, 2014.



In The

**Court of Appeals**

For The

**First District of Texas**

———————————

NO. 01-13-00307-CV

———————————

**W.M. ROBERSON, Appellant**

**V.**

**AARON CHEVALIER, Appellee**

———————————

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1027595**

———————————

## MEMORANDUM OPINION

This is an eviction case. The county court at law, in an appeal from the justice court, determined that Aaron Chevalier had a superior right to possession of a residence. W.M. Roberson appeals the county court's take-nothing judgment in



Chevalier's favor, contending that the evidence is legally and factually insufficient to support it. Roberson also complains that Chevalier failed to comply with the service rules and that the county court erred by failing to file findings of fact and conclusions of law. We affirm.

## Background

In 2011, Chevalier lived in a single-family residence located in northwest Houston. According to Chevalier, he resided at the property as its caretaker at the behest of Ronald Curtis, the grandson and sole heir to the estate of the now-deceased record title owner, Ella Francis Townsend. Chevalier recounted that Roberson appeared on the property in May 2012 and told Chevalier that he was taking the property from Curtis "due to a misplacement of the deceased owner's will." Initially believing him, Chevalier executed a written rental agreement with Roberson. In June 2012, Chevalier paid Roberson $1,025 for the deposit and the first month's rent. After contacting Roberson to repair storm damage to the carport, Chevalier discovered that Roberson did not have insurance on the property. Roberson's lack of insurance made Chevalier suspicious of Roberson's claim of ownership. Chevalier learned through a search of the Harris County Appraisal District (HCAD) website that the estate of Ella Francis Townsend—not Roberson—was listed as the property owner.

2

Chevalier stopped paying rent in November 2012, whereupon Roberson petitioned for forcible entry and detainer in the justice court. In the justice court, Chevalier denied that Roberson owned the property or represented the property's owner. The justice court ruled that Roberson was entitled to possession of the premises. The justice court's judgment did not assess delinquent rent, but it ordered Chevalier to pay Roberson $550 monthly during the pendency of the appeal.

Chevalier appealed the ruling to the county civil court at law. The county court conducted a bench trial, and the court reporter has certified that no record was made of the proceedings. After the trial de novo, the county civil court at law signed a take-nothing judgment in Chevalier's favor.

### Forcible Detainer

A landlord may file a forcible detainer action to reclaim possession of property when a tenant refuses to surrender possession of the subject property on demand. *See* TEX. PROP. CODE ANN. § 24.002(a) (West 2000). A forcible detainer action is dependent on proof of a landlord-tenant relationship. *Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.). The only issue to be determined in a forcible detainer action is the entitlement to actual and immediate possession of real property. *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). A determination of title, however, "shall not be

3

adjudicated." *Pina v. Pina*, 371 S.W.3d 361, 364–65 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *accord Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.) ("To maintain simplicity, the applicable rule of procedure provides that 'the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated.'" (quoting TEX. R. CIV. P. 746)); *see also* TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2013) (declaring that "[a] justice court does not have jurisdiction of . . . a suit for trial of title to land"); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App—San Antonio 2001, pet. dism'd w.o.j.) (noting justice courts are without jurisdiction to adjudicate title to land). A forcible detainer action is cumulative of any other legal remedy that a party may have. *See Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied); *Rice*, 51 S.W.3d at 708.

### *Evidentiary sufficiency*

Roberson appeals the legal and factual sufficiency of the evidence to support the trial court's judgment. The court reporter has certified that no reporter's record exists of the county court bench trial. An appellant has the burden to bring forward a sufficient record to show the trial court's claimed error. *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.). When a party raises an issue on appeal relying on evidence presented to the trial court—

4

as Roberson does here, in challenging the sufficiency of the evidence—we must presume the trial court had before it and determined all facts necessary in support of the judgment absent any record of what evidence the trial court considered. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) ("'The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment.'" (quoting *Gallagher v. Fire Ins. Exchange*, 950 S.W.2d 370, 370–71 (Tex. 1997)); *see also Onwubuche v. Olowolayemo*, No. 01-10-00945-CV, 2012 WL 1067950, at *3 (Tex. App.—Houston [1st Dist.] May 29, 2012, no pet.) (mem. op.) (concluding, in *Craddock* review of default judgment, that because "Onwubuche did not file a reporter's record as part of his record on appeal," the court "must presume that the reporter's record contains evidence to support the trial court's rulings on all issues of fact"). Accordingly, we presume the trial court found the necessary facts to establish that Chevalier had the superior claim to immediate possession of the property. *Public, Inc. v. County of Galveston*, 264 S.W.3d 338, 341–42 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We therefore reject Roberson's evidentiary-sufficiency challenges.

### Notice and compliance with Rule 21a

Roberson also complains that Chevalier failed to comply with the service rules when he filed his answer, exhibits, and notice of pauper status in the county

5

court. *See* TEX. R. CIV. P. 21a. Nothing in the record, however, indicates that Roberson raised these complaints before the trial court. Roberson did not move to continue the trial, nor does he present any argument or discussion with respect to how the trial court's consideration of the purportedly belated filings probably caused rendition of an improper judgment on his claims. *See* TEX. R. APP. P. 44.1(a)(1). In particular, Roberson does not explain whether any of the filings or exhibits in the trial de novo differed so greatly from those presented in the justice court that they constituted an unfair surprise. We hold that Roberson has failed to demonstrate that any of the service issues he challenges provides a basis for reversing the county court's judgment.

*Absence of findings of fact and conclusions of law*

Roberson contends the trial court erred by failing to make findings of fact and conclusions of law. Under Texas Rule of Civil Procedure 296, when a party makes a proper and timely request for findings of fact and conclusions of law and the trial court fails to comply, harm is presumed unless the record affirmatively shows that the requesting party was not harmed by their absence. TEX. R. CIV. P. 296; *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam); *Haut v. Green Cafe Mgmt., Inc.*, 376 S.W.3d 171, 182 (Tex.App.—Houston [14th Dist.] 2012, no pet.).

6

Rule 296 requires a party to make a written request for findings of fact and conclusions of law within twenty days after judgment is signed. TEX. R. CIV. P. 296. If the court does not file its findings and conclusions within twenty days after a timely request, the party making the request "shall, within thirty days after filing the original request, file with the clerk and serve on all other parties . . . a 'Notice of Past Due Findings of Fact and Conclusions of Law." TEX. R. CIV. P. 297.

Roberson filed his request for findings of fact and conclusion of law on May 3, 2013, one day before the county court signed the final judgment. Rule 306c provides that premature requests for findings of fact and conclusions of law shall be deemed filed on the date of, but subsequent to, the judgment. *See* TEX. R. CIV. P. 306c; *Echols v. Echols*, 900 S.W.2d 160, 161 (Tex. App.—Beaumont 1995, writ denied). Roberson timely filed a notice of past due findings of fact and conclusions of law on May 30, 2013. We therefore consider whether the record affirmatively shows that Roberson was not harmed by the absence of findings of fact and conclusions of law.

The clerk's record contains controverted evidence over the single issue of whether Roberson was entitled to actual and immediate possession of the property. Roberson presented a lease agreement signed by Chevalier and an affidavit Roberson filed in the real property records claiming that he had adversely possessed the property. Chevalier, for his part, provided the title to the property

7

and a letter from the deceased record property owner's putative heir explaining that Chevalier had his permission to reside on the property as its caretaker. Chevalier also provided a written statement explaining that Roberson fraudulently induced him to sign the lease. The clerk's record affirmatively shows that the possession issue came down to a credibility determination, which the trial court necessarily made in favor of Chevalier and to which we owe deference on appellate review. *See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998); *Dyer v. Cotton*, 333 S.W.3d 703, 709 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Because the only issue in the case is the right of possession of the property, and Roberson failed to include a reporter's record, the trial court's judgment determining possession is self-explanatory; we thus conclude that Roberson was not harmed by the absence of findings of fact and conclusions of law.

### Conclusion

We affirm the judgment of the county court at law.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Brown.

8

1058132



MANDATE

## Court of Appeals

## First District of Texas

NO. 01-13-00307-CV

W.M. ROBERSON, Appellant

V.

AARON CHEVALIER, Appellee

Appeal from the County Civil Court at Law No. 1 of Harris County.
(Tr. Ct. No. 1027595).



**TO THE COUNTY CIVIL COURT AT LAW NO. 1 OF HARRIS COUNTY, GREETINGS:**

Before this Court, on the 15th day of July 2014, the case upon appeal to revise or to reverse your judgment was determined. This Court made its order in these words:

This case is an appeal from the final judgment signed by the trial court on March 4, 2013. After submitting the case on the appellate record and the arguments properly raised by the parties, the Court holds that the trial court's judgment contains no reversible error. Accordingly, the Court **affirms** the trial court's judgment.

The Court **orders** that the appellant, W.M. Roberson, pay all appellate costs.



The Court **orders** that this decision be certified below for observance.

Judgment rendered July 15, 2014.

Panel consists of Justices Keyes, Bland, and Brown. Opinion delivered by Justice Bland.

**WHEREFORE, WE COMMAND YOU** to observe the order of our said Court in this behalf and in all things to have it duly recognized, obeyed, and executed.

December 19, 2014

Date



CHRISTOPHER A. PRINE
CLERK OF THE COURT